UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHADWICK TIMOTHY DUNHAM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:05-CV-25
(Criminal Case No. 1:99-CR-64)

HON. GORDON J. QUIST

**OPINION**

This Court has before it Chadwick Timothy Dunham's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. After undertaking the review required by the statute and the Rules Governing § 2255 Cases, the Court concludes that Petitioner is not entitled to relief.

    **1.**    **Procedural History.**

On July 12, 1999, Petitioner pled guilty to conspiracy to import marijuana in violation of 21 U.S.C. §§ 952(a) and 963. On September 1, 2000, this Court sentenced Petitioner to 148 months incarceration. Judgment was entered on September 1, 2000, and Petitioner had 10 days after that date (until September 18, 2000) in which to file an appeal with the Court of Appeals for the Sixth Circuit. Fed. R. App. P. 4(b), 26(a)(2). Petitioner did not appeal his sentence.

On January 10, 2005, Petitioner filed his Motion under 28 U.S.C. § 2255. The essence of this petition is that this Court violated Petitioner's Sixth Amendment rights by enhancing his sentence by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and four points under U.S.S.G. § 3B1.1(a) for being an organizer in the conspiracy. Petitioner states that "Mr. Dunham received sentencing enhancements for role in the offense and possession of a dangerous weapon. . . . The methods used by the judge in the instant case violated the defendants

right to have facts relevant to sentence to be determined by a jury which is guaranteed by the Sixth Amendment." (Def.'s § 2255 Motion at 5.) Petitioner supplemented his Motion on January 27, 2005. In his briefs, Petitioner claims that his sentence enhancement violates *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). In *Blakely*, decided last summer, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *Booker*, decided this January, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

    **2.**    **Time Barred.**

Under § 2255, Petitioner must have filed his petition within one year after the date on which his judgment of conviction became final. 28 U.S.C. § 2255. The Sixth Circuit has held that when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) . Thus, Petitioner had until September 18, 2001, in which to file his petition. Because he did not file his petition until January 10, 2005, and did not sign the petition until January 4, 2005, the petition is untimely.

### 3. *Blakely* and *Booker* Relief Cannot be Applied Retroactively.

Furthermore, Petitioner is not entitled to retroactive relief under *Blakely* and *Booker*. Petitioner's claim fails because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005). In *Humphress*, the district court had enhanced the Petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the Petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly, Petitioner's claim must fail.

### 4. No Certificate of Appealability.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely

3

for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

4

5

**Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to the statute and the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  April 28, 2005                                    /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE